IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:00-CV-1058-D |
| | § | |
| DESIGNS BY DEANNA, INC., | § | |
| DAVID WILSON, and FAIR PARK | § | |
| SCREEN PRINTING, INC., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Mary Kay Inc. has filed a Second Amended Motion to Enforce Settlement Agreement and for Contempt in which it contends that David Wilson and Deanna Wilson, individually, and d/b/a Designs by Deanna ("Respondents"), have violated a settlement agreement and an agreed permanent injunction prohibiting them from infringing on Plaintiff's trademarks and from competing unfairly with Plaintiff in any way. The Court held an evidentiary hearing on Plaintiff's motion on October 16, 2013, and now recommends that the Motion be **GRANTED** in part and **DENIED** in part.

### Background

Plaintiff is in the business of producing and selling facial skin care and color cosmetic products. Pike Aff. at 2, ¶ 3, Plf. Exh. A. Plaintiff owns and uses several marks for the promotion and marketing of its products, including the famous trademark and trade name MARY KAY and the mark MK (the "MARY KAY Marks"). *Id.* Plaintiff has registered several of the MARY KAY Marks on the principal register of the United States Patent and Trademark Office,

1

including Registration Numbers 1,070,841; 1,215,807; 1,221,664; 1,301,795; 1,513,319; 1,842,599; 2,186,493; 2,138,669; 3,470,956; 1,234,618; 3,909,669; and 2,559,020. *Id.* at 4, ¶ 13 & Exhs. A-1 - A-12. Plaintiff also uses a pink color scheme (the "Pink Trade Dress") as a signature color for its company and products. *Id.* at 2, ¶ 5. Among other things, Plaintiff rewards its most successful salespersons, or Independent Beauty Consultants, with a pink Cadillac, and the pink Cadillac has grown to symbolize success by a Mary Kay Beauty Consultant. *Id.* at 2, ¶ 5. The Pink Trade Dress has become distinctive to designate Mary Kay products, to distinguish Mary Kay products from other products, and to distinguish the source or origin of Mary Kay products. *Id.* at 3, ¶ 11. Plaintiff has used the MARY KAY Marks and Pink Trade Dress since 1963. *Id.* at 2, ¶ 6. The MARY KAY Marks and Pink Trade Dress are now well-known and widely recognized by consumers. *Id.* at 3, ¶ 11.

On or about May 19, 2000, Plaintiff filed a lawsuit against Designs by Deanna, Inc.,[1] David Wilson, and others alleging trademark infringement, dilution, unfair competition, and unjust enrichment under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the laws of the State of Texas. Plf. Exh A-15 at 1-2, ¶¶ 1, 4-6. Specifically, Plaintiff alleged that the named defendants produced clothing and other items that wrongfully infringed on the MARY KAY Marks and Pink Trade Dress and sold the infringing items in areas near the sites of Mary Kay's annual conferences, through the mail, and over the telephone. *Id.* at 5-6, ¶¶ 19-21. Six months later, the parties executed a settlement agreement (the "Settlement Agreement") wherein Respondents agreed not to use Plaintiff's trademarks, service marks, or Pink Trade Dress "with relation to any goods ... or in the advertising of any goods or services, whether in print, on the Internet, via auditory (radio, telephonic, and other) or any other means, without the prior written permission

---

[1] Designs by Deanna, Inc. is no longer in existence under Texas law. However, Deanna Wilson, who served as DDI's President, is now doing business under the assumed name "Designs by Deanna."

2

of [Mary Kay]." Plf. Exh A-16 at 2, ¶ 5. Respondents further agreed that Plaintiff may have "an injunction restraining them … from any violation of the terms of this Settlement Agreement." *Id.*, ¶ 6. Later, in furtherance of the Settlement Agreement, the Court entered an Agreed Judgment and Agreed Permanent Injunction (the "Permanent Injunction") which permanently enjoined and restrained David Wilson and Deanna Wilson from:

(A) using any trade name, trademark, service mark, advertising, Internet web page, signage or any materials which depict, contain, or consist of any name or mark confusingly similar to the MARY KAY Marks and/or Pink Trade Dress, including but not limited to use of the words "MARY KAY", "KAY MARY" or "MK" alone or in combination with other words or designs or with a pink color scheme without the prior express written consent of Mary Kay;

(B) making, using or selling any clothing or other goods bearing any name or mark confusingly similar to the MARY KAY Marks and/or Pink Trade Dress, including but not limited to use of the words "MARY KAY", "KAY MARY" or "MK" alone or in combination with other words or designs or with a pink color scheme, without the prior express written consent of Mary Kay;

(C) otherwise competing unfairly with Mary Kay in any manner, including, without limitation, (i) unlawfully adopting or infringing upon the MARY KAY Marks and/or Pink Trade Dress, (ii) adopting or using any trade name, trademark, service mark, advertising, or signage similar to the MARY KAY Marks and Pink Trade Dress, without the prior express written consent of Mary Kay and/or (iii) adopting or using any trade name; trademark, service mark, advertising, signage likely to dilute the distinctive quality of the MARY KAY Marks and Pink Trade Dress;

(D) committing any acts or making any statement calculated, or the reasonably foreseeable consequence of which would be, to infringe any of Mary Kay's trademark rights, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of Mary Kay by, with, or of Defendants David Wilson and/or Designs by Deanna; and

(E) conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A), (B), (C) and/or (D) above.

Plf. Exh A-17 at 3-4 (emphasis added).

According to Plaintiff, David Wilson and Deanna Wilson, individually, and d/b/a Designs by Deanna, violated the Settlement Agreement and the Permanent Injunction and unlawfully infringed on its MARY KAY Marks by selling products and merchandise bearing the MARY KAY Marks, Pink Trade Dress, and other marks owned and used by Plaintiff, including the MARY KAY ONE WOMAN CAN and ONE WOMAN CAN marks (the "ONE WOMAN CAN Marks"), at or near Plaintiff's 2013 Leadership Conference in Los Angeles, California and over the internet without having obtained Plaintiff's prior written consent.   Pike Aff. at 2, ¶ 3, Plf. Exh. A at 7-8, ¶ 20.   On January 28, 2013, Plaintiff filed a new civil action for trademark infringement and breach of the Settlement Agreement against Deanna Wilson, individually and d/b/a Designs by Deanna (the "2013 Lawsuit").   *See Mary Kay Inc. v. Deanna Wilson, et al.*, No. 3:13-CV-377-D (N.D. Tex.).   Three days later, Plaintiff also filed a motion in this lawsuit to enforce the Settlement Agreement and for civil and criminal contempt to address the alleged violations of the Permanent Injunction.   The District Court granted a Preliminary Injunction against Deanna Wilson in the 2013 Lawsuit, *see* Prelim. Inj. (Doc. 15), 4/1/13, and carried Plaintiff's motion in this lawsuit "until plaintiff indicates in writing that it desires to proceed with the motion." *See* Elec. Order (Doc. 14), 4/15/13.   After Deanna Wilson failed to appear, answer, or otherwise defend the 2013 Lawsuit, the Court granted Plaintiff's motion for default judgment and awarded Plaintiff $48,801.50 in attorney's fees and $2,259.24 in expenses.   *See* Judgment (Doc. 36), 6/25/13.   The Court also entered a permanent injunction against Deanna Wilson prohibiting her from, among other things "making, using, or selling any clothing or other goods bearing any name or mark confusingly similar to the MARY KAY Marks, Pink Trade Dress, and/or the ONE WOMAN CAN Marks" without Plaintiff's prior written consent. *Id.* at 1-2.

Thereafter, Plaintiff filed a First Amended Motion to Enforce Settlement Agreement and for Contempt in this lawsuit and requested a hearing on its motion. The Court scheduled the motion for an evidentiary hearing, which was held on October 16, 2013. At the hearing, Deanna Wilson conceded that she sold products and merchandise bearing the MARY KAY Marks and Pink Trade Dress at or near Plaintiff's 2013 Leadership Conference and that she offered similar products for sale over the internet. However, she argued that she obtained Plaintiff's consent to make and sell at least some of the merchandise offered for sale over the internet, including a t-shirt designed to promote the "MK 5K" race. Deanna Wilson also argued that she has ceased all efforts to sell any merchandise bearing the MARY KAY Marks and Pink Trade Dress, but that her attempts to remove the advertisements for such merchandise from the internet have been unsuccessful. David Wilson denied making or selling any products or merchandise bearing the MARY KAY Marks and Pink Trade Dress. David Wilson and Deanna Wilson further argued that the instant Motion and the 2013 Lawsuit seek the same relief and that Plaintiff is not entitled to any relief in addition to that awarded by the Judgment entered in the 2013 Lawsuit. The issues have been fully briefed and argued by the parties, and the matter is ripe for determination.

### Legal Standards

For Respondents to be held in civil contempt, Plaintiff must prove by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by Respondents; and (3) Respondents failed to comply with the court's order. *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). The relevant conduct need not be willful so long as Respondents actually failed to comply with the court's order. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000); *see also Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002) ("Good faith is not a defense to civil contempt; the question is

whether the alleged contemnor complied with the court's order."). By contrast, a finding of criminal contempt requires proof beyond a reasonable doubt of willfulness, which demands more than a finding that Respondents reasonably should have known that the relevant conduct was prohibited. *United States v. Allen,* 587 F.3d 246, 255 (5th Cir. 2009).

Upon a finding of civil contempt, the Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained. *Am. Airlines,* 228 F.3d at 585 (quoting *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303-04 (1947)); *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 582 (5th Cir. 2005). The Court may impose a conditional fine, provided the amount is reasonably designed to force compliance without being punitive, and/or a fixed term of imprisonment, with the condition that the contemnor be released if he or she complies with the court order. *In re Dinnan,* 625 F.2d 1146, 1149 (5th Cir. 1980) (per curiam) ("A coercive, nonpunitive fine payable to the clerk of the court is an appropriate tool in civil contempt cases."); *FDIC v. LeGrand,* 43 F.3d 163, 168 (5th Cir. 1995) (district court may order civil contemnors imprisoned until they comply with order or condition imposed by the court). The Court also may require that the contemnors pay reasonable attorney's fees incurred by the moving party in obtaining the contempt finding. *See Cook v. Ochsner Found. Hosp.,* 559 F.2d 270, 272 (5th Cir. 1977).

### Analysis

As the District Court previously recognized, Plaintiff's instant motion for contempt and the 2013 Lawsuit do not seek "identical relief." *See* Order (Doc. 13), 2/26/13. In particular, the 2013 Lawsuit did not allege that Respondent's violation of the Permanent Injunction constituted contempt. Nor did the Judgment entered in the 2013 Lawsuit following Deanna Wilson's default

6

award sanctions for any alleged violation of the Permanent Injunction. *See* Judgment (Doc. 36), 6/25/2103. The attorney's fees previously awarded to Plaintiff pertain solely to work performed in connection with the 2013 Lawsuit.

Plaintiff has established by clear and convincing evidence that the Permanent Injunction has been in continuous effect since it was entered thirteen years ago on December 15, 2000 and that the Injunction specifically prohibits Respondents "from making, using or selling any clothing or other goods bearing any name or mark confusingly similar to the MARY KAY Marks and/or Pink Trade Dress, … without the prior express written consent of Mary Kay." Plf. Exh A-17 at 3-4. Plaintiff also has established by clear and convincing evidence that Respondents failed to comply with the Permanent Injunction when they made and sold t-shirts, hats, and other merchandise bearing the MARY KAY Marks and Pink Trade Dress at the Mary Kay Leadership Conference in Los Angeles, California in or around January 2013 without obtaining Plaintiff's prior written consent. *See* Plf. Exh. B at 1-2, ¶ 2 & Exh. B-1.[2] At the hearing, David Wilson admitted that he printed merchandise bearing the MARY KAY Marks and Pink Trade Dress for Deanna Wilson to offer for sale at the 2013 Leadership Conference. Deanna Wilson similarly admitted that she sold the merchandise at the Conference. Deanna Wilson's apparently honest, but mistaken belief that she had "authority" to sell merchandise bearing the MARY KAY Marks or Pink Trade Dress at the 2013 Leadership Conference because one or more Mary Kay National Sales Directors had asked her to make t-shirts for the Conference does not render Respondents' conduct noncontemptuous. There is no evidence whatsoever that Respondents obtained Plaintiff's prior express *written* consent to make or sell

---

[2] Because the evidence establishes that Respondents violated the Permanent Injunction by selling merchandise that used Plaintiff's MARY KAY Marks and Pink Trade Dress, the Court does not determine whether Respondent's use of Plaintiff's ONE WOMAN CAN Marks also violates the Permanent Injunction.

any items bearing the MARY KAY Marks or Pink Trade Dress at the 2013 Leadership Conference. The fact that Deanna Wilson stopped selling the merchandise at the Conference after being told to do so is similarly inapposite on the issue of civil contempt.

Further, the evidence is clear and convincing that Deanna Wilson, individually, and d/b/a Designs by Deanna, has offered for sale over the internet merchandise bearing, or confusingly similar to, the Pink Trade Dress, including a design picturing a woman in a pink car with the words "Beauty Consultant" around the car, a design featuring the words "Ask Me About Skin Care!" "Dedicated Beauty Consultants," and "Famous Pink Caddy," with a picture of a pink car, a design picturing a pink car and the words "The Pink Cadillac Club," and a word design proclaiming "it's more than a pink Cadillac – it's a lifestyle!" *See, e.g.,* Plf. Exhs. M, N.[3] While the offending designs do not use the words MARY KAY or the letters MK, undisputed testimony offered at the hearing established that the pink Cadillac is "intrinsically linked" to Mary Kay's corporate image. *See, e.g.,* Plf. Exh. A at 2, ¶ 5. Deanna Wilson testified that she posted pictures of these designs to the Designs by Deanna website, her Facebook page, and the cafepress.com website.[4] Although Deanna Wilson also testified that she regrets having posted the images on the cafepress.com website and has unsuccessfully attempted on more than one occasion to remove the images from that website, her compunction is not a defense to civil contempt.

Accordingly, the Court recommends that David Wilson and Deanna Wilson, individually, and d/b/a Designs by Deanna, be found in civil contempt for failing to comply with the terms of

---

[3] Although Plaintiff also submitted evidence that Deanna Wilson offered merchandise bearing infringing designs on the pinterest.com website, the Court does not base its findings of contempt on such evidence because Plaintiff did not provide Deanna Wilson sufficient notice that it would rely on such evidence at the hearing.

[4] There is evidence that Respondents obtained Plaintiff's prior written consent to make and sell the MK 5K shirts. *See, e.g.,* Resp. Exh. 1. Accordingly, the Court does not rely on the MK 5K shirts to support its finding of contempt.

the Permanent Injunction.  Because none of the evidence establishes beyond a reasonable doubt that Respondents willfully violated the Permanent Injunction, a finding of criminal contempt is not justified.

As sanctions, the Court recommends that the District Court assess a fine in the amount of $5,000 against David Wilson and Deanna Wilson, individually, and d/b/a Designs by Deanna, for the conduct described above.  Plaintiff also should be awarded its reasonable and necessary attorney's fees and costs from June through October 2013 in the amount of $48,250 in attorney's fees, expenses in the amount of $13,314.26, *see* Hurst Aff. (Doc. 34) at 4, ¶ 11, and interest on such amounts at the rate of 5% per annum from the date the District Court accepts these Findings, Conclusions, and Recommendation until paid.  David Wilson and Deanna Wilson, individually, and d/b/a Designs by Deanna, are jointly and severally liable for the $5,000 fine and Plaintiff's attorney's fees and expenses.

Further, Deanna Wilson, individually, and d/b/a Designs by Deanna, must immediately delete all internet accounts and/or profiles which violate the terms of the Permanent Injunction. To the extent such accounts and/or profiles are under third party control, Deanna Wilson must pursue all reasonable avenues for deleting the accounts and/or profiles and for permanently removing any images of merchandise bearing the MARY KAY Marks or Pink Trade Dress in violation of the Permanent Injunction.  Any goods possessed by Deanna Wilson, individually, and d/b/a Designs by Deanna, which bear the MARY KAY Marks or Pink Trade Dress in violation of the Permanent Injunction, including any goods bearing Plaintiff's ONE WOMAN CAN Marks, shall be returned to Mary Kay, in care of Gruber Hurst Johansen Hail Shank LLP, 1445 Ross Avenue, Suite 2500, Dallas, Texas 75202-2711, within ten (10) days from the date the District Court accepts these Findings, Conclusions, and Recommendation.

**SO RECOMMENDED,** October ___, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).