IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:00-CV-1058-D |
| VS. | § | |
| | § | |
| DESIGNS BY DEANNA, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, the October 24, 2013 findings, conclusions, and recommendation of the magistrate judge, defendants' objections filed on November 6 and 8, 2013, and plaintiff's response to defendants' objections filed on November 20, 2013, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

Accordingly, plaintiff's September 20, 2013 second amended motion to enforce settlement agreement and for contempt is granted in part and denied in part.

It is therefore ordered that defendants David Wilson ("David") and Deanna Wilson, individually, and d/b/a Designs by Deanna ("Deanna") are found in civil contempt of court for failing to comply with the terms of the agreed permanent injunction ("Permanent Injunction") previously entered in this case.

It is further ordered that plaintiff recover from David and Deanna, jointly and severally, a

compensatory fine in the sum of $5,000.[*]

It is further ordered that plaintiff recover from David and Deanna, jointly and severally, its reasonable and necessary attorney's fees in the sum of $48,250, expenses in the sum of $13,314.26, and interest on these fees and expenses at the rate of 5% per annum from the date of this order until they are paid to plaintiff.

It is further ordered that Deanna immediately delete all Internet accounts and/or profiles that violate the terms of the Permanent Injunction. To the extent that such accounts and/or profiles are under third-party control, Deanna must pursue all reasonable avenues for deleting the accounts and/or profiles and for permanently removing any images of merchandise bearing the MARY KAY Marks or Pink Trade Dress, in violation of the Permanent Injunction. Any goods possessed by Deanna that bear the MARY KAY Marks or Pink Trade Dress, in violation of the Permanent Injunction, including any goods bearing plaintiff's ONE WOMAN CAN Marks, shall be returned to plaintiff in care of Gruber Hurst Johansen Hail Shank LLP, 1445 Ross Ave., Suite 2500, Dallas,

---

[*] In his findings, conclusions, and recommendation, the magistrate judge refers to the court's authority to impose a conditional fine. *See* Oct. 24, 2013 Rec. 6. The fine included in this order, however, is compensatory and is based on defendants' sales of products, in violation of the Permanent Injunction. *See id.* at 7. A compensatory fine is permitted when holding a party in civil contempt. *See, e.g., F.T.C. v. Garden of Life, Inc.*, 516 Fed. Appx. 852, 860 (11th Cir. 2013) ("While the need for coercive sanctions vanishes when the contumacious conduct ceases, a court retains the power to assess compensatory fines in civil contempt." (citing *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers of Am.*, 609 F.2d 165, 170 (5th Cir. 1980))).

Texas 75202-2711, within 14 days of the date of this order.

**SO ORDERED**.

December 3, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE